## ELI JAFFEE v. STATE.

No. A-10185. Feb. 17, 1943.
(134 P. 2d 1027.)

96

George Croom, of Tulsa, Stanley Belden, of Cushing, and Herman Rosenfeld and Samuel A. Neuburger, both of New York City, for plaintiff in error.

Arthur Garfield Hays, and Joseph A. Klausner, both of New York City, for American Civil Liberties Union, amicus curiae.

John Lee Smith, of Throckmorton, Tex., and Sam S. Gill, of Oklahoma City, for Knights of Pythias, amicus curiae.

Osmond K. Fraenkel, of New York City, for National Lawyers Guild, amicus curiae.

Abraham J. Isserman, of Newark, N. J., and Nathan Witt, of New York City, for National Federation for Constitutional Liberties, amicus curiae.

Ralph B. Gregg, of Indianapolis, Ind., and Fred A. Tillman, of Pawhuska, for American Legion, amicus curiae.

Mac Q. Williamson, Atty. Gen., and Lewis R. Morris, Co. Atty., and John Eberle, Asst. Co. Atty., both of Oklahoma City, for defendant in error.

JONES, P. J. The defendant, Eli Jaffee, was charged by an information filed in the district court of Oklahoma county with criminal syndicalism, was tried, convicted and sentenced to serve ten years imprisonment in the State Penitentiary and to pay a fine of $5,000, and has appealed.

The information filed against defendant is identical to the information filed against Alan Shaw, which was construed by this court in the case of Shaw v. State, 76 Okla. Cr. —, 134 P. 2d 999, this date decided.

The state's proof herein is substantially a repetition of the proof offered in the Shaw Case, with the exception that Eli Jaffee told the county attorney after he was arrested that he was a member of the Communist Party. The remainder of the case is identical with the Shaw Case. The same books, records, and writings introduced in the Shaw Case were introduced as exhibits and incorporated as a part of the record in the trial of this defendant. It was agreed by counsel for the state and defendant that the same questions of law appeared in the instant case as were discussed by this court in the case of Shaw v.

State, supra, and that the disposition of Shaw v. State would control in the disposition of this case.

In accordance with this agreement and by reason of the admission as evidence of books, pamphlets, and writings without a proper predicate being laid for their admission, and for the failure of the court to submit to the jury the issue as to whether the advocation of the principles purportedly advocated by defendant created a clear and present danger of the commission of unlawful acts to bring about an industrial or political change in our government by such means, the judgment of the district court of Oklahoma county must be reversed.

It is therefore ordered that the judgment of the district court of Oklahoma county be and the same is hereby reversed and this cause is remanded for further proceedings against the defendant in accordance with the views which we expressed in the case of Shaw v. State, supra.

BAREFOOT, J., concurs. DOYLE, J., absent and not participating.